MUÑOZ v. LÓPEZ.

APPEAL from the District Court of Mayagüez.

No. 214.—Decided May 28, 1908.

TERMS COMPUTED—HOLIDAYS.—The term of 30 days allowed for appeals must be computed by excluding the last day if it should be Sunday, as provided by section 388 of the Political Code.

APPEAL—JUDGMENT CONTRARY TO THE EVIDENCE.—This appeal having been taken after the expiration of 15 days from the date on which judgment was rendered, and questions of fact having been raised and controverted at the trial, this court, according to section 295 of the Code of Civil Proceudre, cannot consider the evidence and must, therefore, accept the conclusion that the facts are in favor of the defendant.

The facts are stated in the opinion.

*Mr. Arnaldo* for appellant.

*Mr. Acuña* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is a case which involves a question whether the use of waters for the period of 50 years or more give the appellant a prescriptive right to insist that the water should not be cut off and for a restoration of the water courses. The appellee moves to dismiss the appeal, because the same was not taken within one month after the entry of judgment. The judgment was entered on September 13, 1907, and the appeal taken on October 14, 1907. Counting a month as 30 days, the last day of such month fell on October 13, 1907. The 13th of October was Sunday, and by virtue of section 388 of the Political Code, in the computation of time, if the last day falls on a Sunday, it must be excluded, hence the motion to dismiss the appeal must be overruled.

The appellee further contends, however, that as there are questions of fact involved in the appeal, the provisions of section 295 of the Code of Civil Procedure are applicable, which say:

"But an exception to the decision or verdict on the ground that it is not supported by the evidence cannot be reviewed on an appeal from the judgment, unless the appeal is taken within 15 days after the rendition of the judgment."

The judgment of the court below merely sets up that the law and the facts are in favor of the defendant, and there are no findings of fact.

In the argument before us the appellant maintained that there were no questions of fact involved, but merely questions of law. The answer of the appellee denies that the two brooks or streams, the "Cañitas" and the "Mameyes" pass through the farm of the defendant. It also denies that the said brooks water all the land of the plantation "Beatriz," and also certain facts with respect to the ditch heads, and their respective distances. The fourth paragraph of the answer states that it is not true that water has been taken from the two brooks from 1857 to 1903, and there are many other facts denied in the answer. The answer set up new matter to the

effect that the ditch heads were changed with the consent of the complainant.

The parties went to trial, and much proof was offered, and a number of plans. In the brief of the party appellant he sets up as follows: The witnesses of the defendant López speak of his having changed the head of the "Cañitas" ditch because in flood times the lands lying along the banks of the stream were inundated and could not be planted, and the same was the case with the "Mameyes" ditch head; some attributing the overflow of the waters to the fact that the ditch was not always clean, through the carelessness of Muñoz, and saying that now the water flows well because the ditches are clean and deeper. Some of the witnesses speak of it having been 14 or 15 years since the bed of the "Cañitas" ditch was changed by agreement between all of the owners of the "Beatriz" plantation; this, however, is not the change under consideration at this trial; but only the work recently done by the defendant López, which he denies, alleging that it was done with the consent of Muñoz. But this statement made by an interested party like the defendant, who seeks to disprove the charges made against him in the complaint, cannot be taken into account in deciding the case, unless the truth of the same is proved by other means.

It likewise appears from the record that it is a disputed question of fact whether the ditch heads were changed with the consent of appellant.

All these circumstances would seem to show that there were contested matters of fact between the two parties, and as we cannot examine the proof we are bound to take the judgment of the court below as correct, when it says that the facts are in favor of the defendant. The judgment must therefore be affirmed.

*Affirmed.*

Justices Hernández, Figueras and MacLeary concurred.

Mr. Chief Justice Quiñones did not sit at the hearing in this case.